# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **ANIBAL ESPINOZA GOMEZ,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), DIRECTOR OF THE DETENTION CENTER,** | § | **No. 6:26-CV-00501-LS** |
| | § | |
| ***Respondents*.** | § | |

**ORDER DENYING MOTION TO PREVENT TRANSFER OR REMOVAL**

Petitioner Anibal Espinoza Gomez seeks a writ of habeas corpus ordering Respondents to release him from custody during immigration proceedings. Petitioner also moves for an order barring Respondents from transferring him to another district or removing him from the country pending the Court's adjudication of his petition. Petitioner argues the order would ensure that he can adequately pursue his claims and that the Court is able to consider them.

However, "[b]ecause jurisdiction attaches on the initial filing for habeas corpus relief,"[1] "a government initiated transfer of a prisoner from one facility to another, in a different judicial district, does not automatically divest the Court of its jurisdiction,"[2] which is proper only in "the district of confinement."[3] Petitioner would also be able to send and receive mail in other facilities.

---

[1] *Middleton v. Schult*, 199 Fed. App'x 94, 94 n.1 (2d Cir. 2008) (citing *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)).

[2] *Mason v. Alatary*, No. 9:23-cv-0193, 2023 WL 2965619, at *3 (S.D.N.Y. Apr. 17, 2023) (citing *Ex parte Endo*, 323 U.S. 283, 306–07 (1944)); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("[W]hen the government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has the legal authority to effectuate the prisoner's release.").

[3] *Rumsfeld*, 542 U.S. at 443.

Finally, “Federal courts lack jurisdiction over ‘claims connected directly and immediately with a “decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.”’”[4] And “[a] request for stay of removal is a challenge to a removal order.”[5] The Court therefore **DENIES** Petitioner’s motion to prevent transfer or removal [ECF No. 2].

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 14, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[4] *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (quoting *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999)); *see also* 8 U.S.C. § 1252(g) (“[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders under [Chapter 12].”).

[5] *Imran v. Harper*, 2025 WL 93131, at *1 (upholding the district court’s ruling that it lacked jurisdiction to stay removal despite the petitioner’s argument that “his request for a stay of removal ‘simply sought to preserve the status quo so the court can address his detention related claim, without interfering or reversing the underlying removal order.’”).